Filed 12/22/14  In re R.B. CA3

## NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## THIRD APPELLATE DISTRICT

### (Sacramento)

----

| | |
|---|---|
| In re R.B., a Person Coming Under the Juvenile Court Law. | C075559 |
| THE PEOPLE,<br><br>Plaintiff and Respondent,<br><br>v.<br><br>R.B.,<br><br>Defendant and Appellant. | (Super. Ct. No. JV133565) |

Minor R.B. appeals the juvenile court's judgment (dispositional order) committing her to a group home following a violation of her probation.  She contends the matter should be remanded because the trial court failed to exercise its duty pursuant to Welfare and Institutions Code section 731, subdivision (c)[1] to set a maximum period of

---

[1] Undesignated statutory references are to the Welfare and Institutions Code.

1

confinement when it committed her to a juvenile facility. The Attorney General agrees that the juvenile court must specify a maximum term of commitment, but contends there was no error here because the juvenile court had specified a maximum term of commitment at a previous dispositional hearing.

We conclude that although the juvenile court had previously specified a maximum term of confinement in a prior dispositional order, it vacated that order when it issued the instant dispositional order. Therefore, the juvenile court failed to exercise its duty to specify a maximum period of confinement when it ordered the minor removed from her father's custody. Accordingly, we remand the matter to the juvenile court to specify a maximum period of confinement.

## FACTUAL AND PROCEDURAL BACKGROUND

In January 2012, a section 602 petition was filed alleging R.B. had committed misdemeanor theft (Pen. Code, § 484, subd. (a)) in July of 2011. When R.B. failed to appear at the scheduled hearing on the petition as promised, an arrest warrant issued pursuant to section 663, subdivision (a)(2). R.B. surrendered herself at juvenile hall on April 9, 2012. She was released to her father's care and promised to appear on April 11, 2012. She was placed on informal supervision with certain directives and the petition was held in abeyance.

Thereafter, in June of 2012, R.B. was arrested in Alameda County for "loitering in a 'high' prostitution area" without a legal justification. She was detained in Alameda County, and a petition was filed pursuant to section 602 alleging R.B. had loitered with intent to commit prostitution (Pen. Code, § 653.22) and had falsely identified herself to a peace officer (*id*., § 148.9). She appeared before the Alameda County juvenile court, admitted to misdemeanor false identification and the prosecutor dismissed the loitering charge. The matter was transferred to Sacramento County for disposition. On July 20, 2012, the Sacramento County juvenile court advised R.B. that her maximum term of

2

confinement on the Alameda County petition was six months, dismissed the January 2012 petition on the request of the district attorney, adjudged her a ward of the court, revoked and reinstated her probation, and committed her to the care and custody of her father. Among the terms of her probation was a requirement that R.B. not loiter in certain areas known for solicitation of prostitution.

On January 3, 2013, R.B.'s father reported to her probation officer that she had been missing since December 26, 2012. She was found in an area known for prostitution in San Mateo County and transferred to Sacramento County juvenile hall for violating probation by failing to keep her probation officer informed of her address and telephone number. On January 9, 2013, a petition was filed pursuant to section 602 alleging R.B. had already been declared a ward of the court and seeking her commitment to a county institution because she had violated probation. The Sacramento County juvenile court ordered the minor detained in juvenile hall pending disposition or further order of the court. R.B. admitted the probation violation, and the juvenile court revoked and reinstated all prior orders, including probation; continued R.B. as a ward of the court; committed her to juvenile hall for 11 days; awarded her credit for the 11 days she had already served; and ordered that upon completion of her juvenile hall term, she be committed to the care and custody of her father under the supervision of a probation officer.

On February 7, 2013, a section 602 petition was filed in Sacramento County alleging R.B. had loitered with intent to commit prostitution. (Pen. Code, § 653.22, subd. (a).) The juvenile court advised R.B. that her maximum term of confinement was eight months. She admitted the allegation, and the juvenile court continued her as a ward of the court; committed her to juvenile hall for 30 days (with credit for 15 days of time served); and upon completion of her juvenile hall commitment, returned her to the care and custody of her parents under the supervision of a probation officer. Among the terms

3

of her probation, R.B. was required to complete 45 days of electronic monitoring on house arrest upon completion of her juvenile hall term.

On April 9, 2013, a section 602 petition was filed alleging R.B. had violated her probation by failing to remain in her home while on house arrest and electronic monitoring. The juvenile court issued a warrant for R.B.'s arrest relative to the probation violation. She was detained and admitted the probation violation. The court revoked and reinstated R.B.'s probation, continued her as a ward of the court, committed her to juvenile hall for 10 days and, upon completion of her juvenile hall commitment, committed R.B. to the care and custody of her father under the supervision of the probation officer. All prior terms and conditions of R.B.'s probation remained in force.

On April 30, 2013, a section 602 petition was filed alleging R.B. had violated her probation by remaining away from her home overnight without a parent's permission, was absent from school without a valid excuse, and failed to be at home between the hours of 10:00 p.m. and 6:00 a.m.; as amended, this petition also alleged R.B. had violated probation by failing to keep her probation officer informed.

Following a contested jurisdictional hearing, the court found true all of the alleged probation violations and sustained the April 30 section 602 petition. The court found there were no additional preplacement services that could be offered, that reasonable efforts had been made to prevent the need for removal, that continuance in her father's home would be contrary to R.B.'s welfare, that her father was incapable of providing her the proper maintenance or training, and that she had failed to reform on probation. Therefore, the juvenile court revoked and reinstated her probation on the following terms: (1) that all previous dispositional orders were vacated; (2) that R.B. was continued a ward of the court; (3) that she was committed to juvenile hall to serve 48 days (with credit for time served of 48 days); and (4) that upon completion of her juvenile court term, she was to be committed to a suitable "Level A" placement, i.e., an in-state group home.

4

## DISCUSSION

The minor contends the juvenile court failed to exercise its duty to specify a maximum period of confinement when it issued a dispositional order placing the minor in a Level A facility. The Attorney General contends the maximum period of confinement specified in a prior dispositional order fulfills this requirement so there was no error. We conclude that because the prior dispositional order specifying the maximum period of the minor's confinement was vacated, the juvenile court did err in failing to specify a maximum period of confinement in the instant dispositional order.

When a juvenile court removes a minor from the physical custody of his or her parents or guardians pursuant to section 602, it must specify a maximum period of confinement for the minor, which cannot exceed the maximum period of confinement that could be imposed on an adult convicted of the same offense or offenses. (§§ 726, subd. (d), 731, subd. (c).) In selecting a maximum period of confinement, the juvenile court must take into consideration the facts and circumstances of the matter that brought the minor within the juvenile court's jurisdiction. (§ 731, subd. (c).) The maximum period must be reflected in the court's minutes, and may be stated orally or written in the order of confinement. (Cal. Rules of Court, rule 5.795(b); *In re Julian R.* (2009) 47 Cal.4th 487, 497.) Where a court fails to exercise its discretion in specifying a maximum period of confinement, we must remand for that purpose. (See *In re Jacob J.* (2005) 130 Cal.App.4th 429, 438, disapproved on a different ground in *In re Julian R.*, *supra*, 47 Cal.4th at p. 499.)

In the course of the contested jurisdictional hearing that resulted in R.B.'s placement in a group home, the juvenile court took judicial notice of the February 20, 2013 minute order, which contained the previously specified maximum term of eight months, and the minor's counsel referred to the previously specified maximum confinement period of eight months. However, the juvenile court did not specify a

maximum period of confinement either orally or in its dispositional order placing the minor in a group home. And, crucially, the juvenile court vacated all prior dispositional orders, including the February 20, 2013 dispositional order that specified an eight-month maximum period of confinement. Therefore, there was no dispositional order in place specifying a maximum period of confinement. Accordingly, the juvenile court did fail to exercise its statutory discretion to specify a maximum period of confinement when it removed R.B. from her father's custody.

## DISPOSITION

The matter is remanded to the juvenile court to exercise its duty to set a maximum period of confinement, to prepare an amended dispositional order specifying the maximum period of confinement, and to forward a certified copy to the Sacramento County probation department.


                                                            BUTZ            , J.



We concur:



      BLEASE         , Acting P. J.



      HULL          , J.




6