Filed 10/27/20  In re C.C. CA2/6

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SIX

| | |
|---|---|
| IN RE C.C., A Person Coming Under the Juvenile Court Law.　　　　　　　　　　　　　　　 _____　THE PEOPLE OF THE STATE OF CALIFORNIA,　Plaintiff and Respondent,　v.　C.C.,　　Defendant and Appellant. | 2d Juv. No. B298675 (Super. Ct. No. YJ39637) (Los Angeles County) |

　　　　C.C. appeals the juvenile court's order sustaining a juvenile warship petition after finding true allegations that appellant had committed the offenses of possession of a firearm by a minor

(Pen. Code,[1] § 29610), possession of live ammunition by a minor (§ 29650), and resisting, delaying, or obstructing a peace officer (§ 148, subd. (a)(1). (Welf. & Inst. Code, § 602.) The court also found true allegations that the crimes were committed for the benefit of, at the direction or, or in association with a criminal street gang (§ 186.22, subd. (d)). The court declared appellant a ward and ordered that he be removed from his parents' custody and placed in the Rites of Passage program. Appellant asks us to independently review the record on his *Pitchess*[2] motion. He also contends the matter must be remanded for the court to set his maximum period of confinement. The People concede the latter point and we shall order the matter remanded accordingly. Otherwise, we affirm.

## STATEMENT OF FACTS

On the night of January 1, 2019, Los Angeles Police Officers Brandon Mendoza and his partner Joseph Roberts were on patrol when they saw appellant with three other young men in Oakwood Park known to be in the territory of the "Shoreline Crips." It was later learned that appellant and his comrades were members of the "Culver City Boys" gang. One of the young men was holding a can of spray paint. When they saw the police car, they began walking toward their vehicle. The individual who was holding the can of spray paint disposed of it in a trash can. Appellant, who was wearing a red sweater, got into the front passenger seat of the vehicle.

After the vehicle drove away, Officer Mendoza attempted to effect a traffic stop and activated his lights and siren. The

---

[1] All statutory references are to the Penal Code unless otherwise stated.

[2] *Pitchess v. Superior Court* (1974) 11 Cal.3d 531 (*Pitchess*).

2

vehicle sped away and ran through several stop signs. During the pursuit, appellant threw a firearm out the window. A firearm, ammunition, and a magazine were subsequently recovered at that location. After an approximately four-mile pursuit, the vehicle stopped and all four of its occupants got out and ran. Appellant was apprehended following a foot pursuit.

Officer Mendoza returned to the location in Oakwood Park where appellant and his companions had been. Although the location was in an area claimed by the Shoreline Crips criminal street gang, Officer Mendoza discovered fresh black spray-painted graffiti tagged by the Culver City Boys criminal street gang. The can of black spray paint discarded by one of appellant's companions was also recovered from the trash can.

Officer Alex Maldonado testified as the prosecution's gang expert. The Culver City Boys gang, which has been in existence since the 1960's and has approximately 213 members, is associated with the color red. The gang is rivals with other gangs that associate at Oakwood Park. Appellant admitted to Officer Maldonado that he was a member of the gang. Based on a hypothetical mirroring the facts of the case, Officer Maldonado opined that appellant committed his offenses for the benefit of his gang.

## DISCUSSION
### Pitchess

Prior to trial, appellant filed a *Pitchess* motion seeking discovery of information in Officer Roberts' personnel files regarding complaints and allegations of dishonesty, falsification of police reports, and similar acts of moral turpitude. The court granted the motion, held in-camera proceedings, and ordered the disclosure of certain documents.

Appellant asks us to independently review the sealed transcripts of the in-camera proceedings on his *Pitchess* motion.

3

We have done so and conclude there was no error.  (*People v. Mooc* (2001) 26 Cal.4th 1216, 1232.)

### *Maximum Period of Confinement*

Appellant contends the matter must be remanded for the juvenile court to set his maximum term of confinement.  The People correctly concede the issue.

When a minor is removed from the custody of his or her parent or guardian pursuant to a wardship order, the juvenile court is required to indicate the maximum period of physical confinement.  (Welf. & Inst. Code, § 726, former subd. (c); *In re Julian R.* (2009) 47 Cal.4th 487, 497.)  The maximum period of confinement must be reflected in the court's minutes and may be orally stated or written in the order of confinement.  (Cal. Rules of Court, rule 5.795(b); *Julian R.*, at p. 497.)  Here, the court did not note the maximum period of confinement in its minute order as required under rule 5.795(b), nor did it orally state the period of confinement or include it in its written order.  Accordingly, we remand the matter for the juvenile court to correct these errors.

### DISPOSITION

The matter is remanded for the juvenile court to determine and set appellant's maximum period of confinement,  In all other respects, the judgment is affirmed.

NOT TO BE PUBLISHED.

PERREN, J.

We concur:

GILBERT, P.J.          YEGAN, J.

4

Nancy L. Newman, Judge
Superior Court County of Los Angeles

_____

Steven A. Torres, under appointment by the Court of Appeal, for Defendant and Appellant.

Xavier Becerra, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Senior Assistant Attorney General, Steven D. Matthews, Supervising Deputy Attorney General, and Ryan M. Smith, Deputy Attorney General, for Plaintiff and Respondent.