Filed 11/19/20  In re K.B. CA2/5

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION FIVE

| | |
|---|---|
| In re K.B. et al., Persons Coming Under the Juvenile Court Law. | B304427 (Los Angeles County Super. Ct. No. 19LJJP00530A–D) |
| LOS ANGELES COUNTY DEPARTMENT OF CHILDREN AND FAMILY SERVICES, Plaintiff and Respondent, v. K.D., Defendant and Appellant. | |

APPEAL from an order of the Superior Court of the County of Los Angeles, Michael C. Kelley, Judge.  Affirmed.

Caitlin Christian, under appointment by the Court of Appeal, for Defendant and Appellant.

Mary C. Wickham, County Counsel, Kim Nemoy, Acting Assistant County Counsel, Sarah Vesecky, Senior Deputy County Counsel, for Plaintiff and Respondent.

_____

## I. INTRODUCTION

K.D. (mother) appeals from the juvenile court's exit order granting sole physical custody of her four children to their father S.B. (father). According to mother, because the court was unaware of its obligation to consider the best interests of the children when making its custody order, and instead considered improper criteria, that order must be reversed. We affirm.

## II. BACKGROUND

On August 1, 2019, the Department of Children and Family Services (Department) filed a Welfare and Institutions Code section 300[1] petition alleging against mother[2] that she physically

_____

[1] All further statutory references are to the Welfare and Institutions Code, unless otherwise indicated.

[2] The petition also asserted against father allegations that he physically and emotionally abused J.B. and that his girlfriend physically abused his daughter L.B.

2

and emotionally abused her minor son, J.B.[3]  At the August 2, 2019, detention hearing, the juvenile court found that the Department had made a prima facie showing that the children were persons as described in section 300.  The court ordered that the children be "released to the home of parents, with the existing custody orders to remain in full force and effect."[4]

At the continued January 16, 2020, adjudication hearing, the juvenile court sustained the petition based on mother's no contest plea to counts b-1 and j-1 and dismissed all other counts against her.  The juvenile court found all allegations against father untrue and dismissed the counts based on his conduct from the petition.

---

[3]     The petition alleged in counts a-1, b-1, and j-1 as follows: "In or about April 2019, . . . mother [] physically abused [J.B.] by striking [his] arm with a brush.  Such physical abuse was excessive and caused [J.B.] unreasonable pain and suffering.  The physical abuse of [J.B.] by [] mother . . . endanger[ed] [his] physical health and safety and place[ed him and his] siblings [K.B., N.B., and L.B.], at risk of serious physical harm, damage and physical abuse."

The petition alleged in count c-1 as follows:  "[Mother and father] emotionally abused [J.B.] by failing to provide ongoing and necessary treatment for [his] mental health and behavioral issues, including, Encopresis.  [J.B.] exhibit[ed] suicidal ideations.  [M]other and father's emotional abuse of [J.B.] place[d him] at substantial risk of suffering serious emotional damage as evidenced by severe anxiety, depression, withdrawal, and aggressive behavior toward [him]self.

[4]     Father had previously been awarded physical custody of the children.

3

At the hearing on disposition, the Department asked for an exit order giving the parents joint legal custody, but ordering the "primary residence [to be] . . .with [] father." Father's counsel asked for a joint custody order, but with "primary physical custody" to remain with father. Mother's counsel then indicated that she "would submit on joint legal [custody]," but requested "that the court characterize [the custody arrangement] as joint legal, joint physical and shared residence, [so] that it [would] be joint across the board . . . ."

After the parties submitted on the matter, the juvenile court terminated jurisdiction, but stayed that order pending the submission of a proposed family law order, indicating that the proposed order "should provide for joint legal [custody], primary physical [custody] to father." After further discussion between the court and parties about the details of the joint custody arrangement, the court's judicial assistant inquired, "Is it joint physical [custody] with primary residence to father?" and the court replied in the affirmative. The court and counsel then engaged in the following exchange: "[Mother's counsel]: Joint physical [custody] with primary [residence] to father? [¶] The Court: I'm sorry. It is joint legal [custody], primary physical [custody] to father. [¶] [Mother's counsel]: There's a provision for physical and there's a provision for primary residence. I would request that it be joint, joint, and I understand the court wants primary residence to be with father. [¶] The Court: Maybe I misunderstood Department's recommendation. [¶] [Does father] have any objection to the joint physical, primary residence? [¶] . . . [¶] [Father's counsel]: Father is concerned about [a] joint physical [custody order], Your Honor. And, again, I believe [] father in good faith is attempting to resolve these

4

issues but [there is no] communication . . . between [] father and [] mother."

After that exchange, the juvenile court clarified that "[t]he order will be joint legal [custody], primary physical [custody] to father. I think in light of the sustained petition and the fact that the petition was not found proven as against father, I'm most comfortable with that as the custody arrangement, so that will be the order." The court then issued a written custody order granting legal custody jointly to mother and father and physical custody and primary residence to father.

## III. DISCUSSION

"'When a juvenile court terminates its jurisdiction over a dependent child, it is empowered to make "exit orders" regarding custody and visitation. [Citations.] Such orders become part of any family court proceeding concerning the same child and will remain in effect until they are terminated or modified by the family court. [Citation.]' [Citation.]" (*In re A.C.* (2011) 197 Cal.App.4th 796, 799.) In issuing an exit order under section 362.4, the juvenile court's goal in assigning custody is to serve "the best interests of the child." (*In re Jennifer R.* (1993) 14 Cal.App.4th 704, 712; *In re Nicholas H.* (2003) 112 Cal.App.4th 251, 268 ["When making a custody determination in any dependency case, the court's focus and primary consideration must always be the best interests of the child"].)

"We normally review the juvenile court's decision . . . to issue a custody (or 'exit') order pursuant to section 362.4 for abuse of discretion . . . ." (*Bridget A. v. Superior Court* (2007) 148 Cal.App.4th 285, 300.) "[W]hen a court has made a custody

5

determination in a dependency proceeding, "'a reviewing court will not disturb that decision unless the [juvenile] court has exceeded the limits of legal discretion by making an arbitrary, capricious, or patently absurd determination [citations].'" [Citations.] And we have recently warned: "'The appropriate test for abuse of discretion is whether the trial court exceeded the bounds of reason. When two or more inferences can reasonably be deduced from the facts, the reviewing court has no authority to substitute its decision for that of the trial court.'"" (*In re Stephanie M.* (1994) 7 Cal.4th 295, 318–319.)

Mother contends that the juvenile court abused its discretion by awarding sole physical custody to father.[5] According to mother, in making that custody order, the court was unaware of the governing standard for custody determinations and, as a result, failed to apply the proper criteria. Mother bases her conclusion on the fact that "[t]he court did not say it was awarding [f]ather sole physical custody because that was in the children's best interests" and instead appeared to award sole

_____

[5]    ""'Joint legal custody" means that both parents shall share the right and the responsibility to make the decisions relating to the health, education, and welfare of a child.' (Fam. Code, § 3003.) "'Sole physical custody" means that a child shall reside with and be under the supervision of one parent, subject to the power of the court to order visitation.' (*Id.*, [Fam. Code] § 3007.) 'In making an order for custody with respect to both parents, the court may grant joint legal custody without granting joint physical custody.' (*Id.*, [Fam. Code] § 3085.) 'An order of joint legal custody shall not be construed to permit an action that is inconsistent with the physical custody order unless the action is expressly authorized by the court.' (*Id.*, [Fam. Code] § 3083.)" (*In re Marriage of Burgess* (1996) 13 Cal.4th 25, 29, fn. 2.)

6

physical custody to father merely because it had sustained the section 300 petition as against mother only.

We are required on appeal to follow the fundamental principles that a trial court's judgment is presumed correct, all presumptions are indulged to support it on matters as to which the record is silent, and the appellant must affirmatively demonstrate error. (*In re Julian R.* (2009) 47 Cal.4th 487, 498–499.) We also presume that the juvenile court was aware of and followed the applicable law. (*Id.* at p. 499; *People v. Stowell* (2003) 31 Cal.4th 1107, 1114.) Thus, "when 'a statement of reasons is not required and the record is silent, a reviewing court will presume the trial court had a proper basis for a particular finding or order.'" (*In re Julian R.*, *supra*, 47 Cal.4th at p. 499; Evid. Code, § 664 [it is presumed that an official duty has been regularly performed].)

Nothing in the record of the custody hearing here rebuts the presumption that the juvenile court was aware of its obligation to consider the best interests of the children, and duly considered those interests, prior to making its order. To the contrary, by noting that the petition had been sustained as to mother, but not as to father, the court considered mother's history of abuse and implicitly found that maintaining the status quo by granting sole physical custody to father was in the best interests of the children. Mother therefore has failed to demonstrate an abuse of discretion.[6]

---

[6] The Department contends that mother forfeited her challenge to the custody exit order by failing to call the juvenile court's attention to the proper criteria for making a custody determination or otherwise adequately raising the issue with the court. (See *In re Dakota S.* (2000) 85 Cal.App.4th 494, 502.) We

## IV.   DISPOSITION

The order granting father sole physical custody of the children is affirmed.

NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

KIM, J.

We concur:

BAKER, Acting P. J.

MOOR, J.

---

will assume, without deciding, that mother did not forfeit her argument on appeal.