Filed 11/9/23  P. v. Scott CA4/1

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA

| | |
|---|---|
| THE PEOPLE, | D081932 |
| Plaintiff and Respondent, | |
| v. | (Super. Ct. No. SCS314454) |
| RAMON ANWAR SCOTT, | |
| Defendant and Appellant. | |

APPEAL from an order of the Superior Court of San Diego County, Maryann D'Addezio, Judge.  Affirmed.

Ramon Anwar Scott, in pro. per.; and Siri Shetty, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

Ramon Anwar Scott appeals from an order denying his petition for recall of an 18-year prison sentence and for resentencing on his 2021 guilty plea to three counts of robbery with personal use of a firearm and a strike prior.  His appointed appellate counsel filed an opening brief raising no arguable issues and requesting that we exercise our discretion to review the record for potential issues under *People v. Delgadillo* (2022) 14 Cal.5th 216

(*Delgadillo*), *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*), and *Anders v. California* (1967) 386 U.S. 738 (*Anders*). Scott also filed a supplemental brief on his own behalf.

We have independently reviewed the record and find no arguable issue that would result in a modification or reversal of the trial court's order. Accordingly, we affirm the order denying Scott's petition.

FACTUAL AND PROCEDURAL BACKGROUND

In August 2021, Scott was convicted by guilty plea of three counts of robbery (Pen. Code,[1] § 211). As to one of the robbery counts, he admitted that he personally used a firearm in the commission of the offense (§ 12022.53, subd. (b)). He also admitted that he had suffered one strike prior (§ 667, subds. (b)–(i)). As part of the plea bargain, the parties stipulated to a prison sentence of 18 years. The People dismissed the balance of the charges against Scott, which included five counts of aggravated kidnapping each carrying a potential life sentence (§ 209, subd. (b)(1)).

Consistent with the plea agreement, the court sentenced Scott to the stipulated 18-year term, including a 10-year sentence for the section 12022.53 firearm enhancement.

In February 2023, Scott filed a pro per motion for recall and resentencing under former section 1170.03 (now section 1172.1), section 1170.18, and section 1385 as amended by Senate Bill No. 81 (2021–2022 Reg. Sess.) (Senate Bill No. 81). He also asked the court to dismiss the firearm enhancement and the strike prior.

The trial court denied Scott's petition by written order. The court found that: (1) Scott's request to recall the sentence under section 1172.1 was beyond the 120-day jurisdictional time limit for the court to consider

---

[1] Further undesignated statutory references are to the Penal Code.

2

resentencing on its motion, and a defendant may not make such a motion himself; (2) under section 1385, subdivision (c)(7), the amendments made by Senate Bill No. 81 are not retroactive and apply only to cases not yet final, and Scott's conviction was already final when he filed his petition; and (3) Scott was ineligible for relief under section 1170.18.

Scott appealed from the court's ruling. His appointed appellate counsel filed a no-issues brief under *Wende* and *Anders*. The only potential issue she identified was: "Did the trial court prejudicially err by denying the petition for resentencing?" After we notified Scott of his right to file a supplemental brief, he submitted a supplemental brief arguing only that he was entitled to resentencing so that the court could exercise its discretion whether to strike or dismiss the 10-year firearm enhancement under section 12022.53, subdivision (h).

## DISCUSSION

Although this appeal is from an order denying Scott's petition for recall and resentencing, rather than a direct appeal from his criminal conviction, we have exercised our discretion to review the entire record under *Wende* and *Anders*. (See *Delgadillo*, *supra*, 14 Cal.5th at p. 232.) We have also considered the potential issues identified by Scott and his counsel. We have not discovered any arguable issue that would result in a reversal or modification of the trial court's ruling. Competent counsel has represented Scott in this appeal.

With respect to the issue identified by Scott in his supplemental brief, "the authority to strike or dismiss a firearm enhancement applies only to nonfinal judgments or to final judgments where the defendant is being resentenced under some other law." (*People v. Baltazar* (2020) 57 Cal.App.5th 334, 340–341.) Scott's judgment of conviction was already final

3

when he filed his petition in 2023, and he is not entitled to resentencing under any other law.  Moreover, Scott's 2021 guilty plea and sentencing occurred several years *after* the Legislature amended section 12022.53 to permit courts to "strike or dismiss an enhancement otherwise required to be imposed by this section."  (§ 12022.53, subd. (h).)  Absent any contrary indication, we presume the trial court was aware of this sentencing discretion when it imposed the 10-year firearm enhancement as part of the stipulated sentence under the parties' negotiated plea bargain.  (See *In re Julian R.* (2009) 47 Cal.4th 487, 499 [trial court presumed to have been aware of and followed applicable law].)

Accordingly, we affirm the trial court's order.

DISPOSITION

The order denying Scott's petition is affirmed.

BUCHANAN, J.

WE CONCUR:

DATO, Acting P. J.

DO, J.

4