Filed 2/25/13  In re A.S. CA4/3

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION THREE

| | |
|---|---|
| In re A.S., a Person Coming Under the Juvenile Court Law. | |
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>        v.<br><br>A.S.,<br><br>    Defendant and Appellant. | G046454<br><br>(Super. Ct. No. DL039143)<br><br>O P I N I O N |

Appeal from a judgment of the Superior Court of Orange County, Jacki C. Brown, Judge.  Affirmed as modified.

Melanie K. Dorian, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Dane R. Gillette, Chief Assistant Attorney General, Julie L. Garland, Assistant Attorney General, Meagan J. Beale and Marvin E. Mizell, Deputy Attorneys General, for Plaintiff and Respondent.

The minor, A.S., appeals from a dispositional order following findings by the juvenile court (on two separate petitions) that he committed the following crimes: aggravated assault, harassing telephone calls, battery with serious bodily injury, and public fighting. A.S. challenges the trial court's decision when setting the maximum term of confinement. First, A.S. argues, and the Attorney General agrees, the trial court should have stayed the term for count 3 (public fighting) pursuant to Penal Code section 654[1] because it was committed with the same intent as counts 1 (aggravated assault) and 2 (battery with serious bodily injury). Second, A.S. contends the trial court erred by imposing consecutive terms automatically without understanding its discretion to impose concurrent terms. Finding only A.S.'s first argument has merit, we modify the dispositional order to indicate the maximum term of confinement is fixed at seven years and two months, and we affirm the order as modified.

I

A.  Petition 1

This petition, filed in December 2010, alleged A.S. made misdemeanor harassing telephone calls. (§ 653m, subd. (a).) The juvenile court placed A.S. on informal probation and ordered him to complete 40 hours of community service. When the court learned A.S. failed to comply with the terms and conditions of probation, it terminated probation and reinstituted the proceedings.

B.  Petitions 2 & 3

In November 2011, the district attorney filed another petition alleging A.S. committed aggravated assault (§ 245, subd. (a)(1), count 1); battery with serious bodily injury (§ 243, subd. (d), count 2); disturbing the peace/public fighting (§ 415, subd. (1), count 3). One week later, the district attorney filed a third petition, which was an amendment, to add a great bodily injury enhancement (§ 12022.7, subd. (a)). Later, the

---

[1]     All further statutory references are to the Penal Code, unless otherwise indicated.

second petition was dismissed because the third petition was a restatement of petition 2 plus the amendment.

The petition is based on the following undisputed facts: One afternoon 14-year-old A.G. was walking on the sidewalk on his way to a friend's house. While he was walking, A.S. ran up and began repeatedly punching A.G. in the back of the head. A.G. ran, but A.S. followed him and delivered more blows until A.G. fell to the ground. A.S. continued his assault, repeatedly punching A.G. in the shoulder and kicking his back as he lay on the ground. One of A.S.'s friends, F.A., recorded the beating on his cell phone and yelled, "'Fuck him up. It's for the crowd.'" Three of A.S.'s and F.A.'s friends watched the beating. A.G. believed he was attacked out of jealously because A.S.'s girlfriend was also one of his friends.

A.G. had swelling and bruises to his face, head, and back. After falling asleep in class (something he had never experienced before) and after having trouble putting weight on his leg, A.G. went to the doctor. He was diagnosed with post concussion syndrome. In November 2011, A.S. and F.A. admitted their roles in the incident to a police officer.

In January 2012, the court found all three counts and the enhancement to be true. A.S. also admitted the one count alleged in petition 1, and the court found it to be true.

## C. The Dispositional Order

The court declared A.S. a ward of the court, and found the maximum term of confinement was seven years and three months. The court placed A.S. on formal probation with various conditions, including that he serve 120 days in custody.

In computing the sentence, the court stated on the record, "I have set the maximum confinement. I do want to note . . . I now realize we did receive an admission on petition 1. At the time of the admission, no disposition was set, but at the time of the admission it was stated on the record that the maximum confinement for that offense was

3

[six] months. And I have had to correct the maximum confinement because on petition 1 and petition 3--and I will state for the record that petition 2 is now formally dismissed because petition 3 was a restatement and amendment to petition 2. Therefore, I do find that the maximum confinement on petitions 1 and 3 are corrected. It is [seven] years and [two] months. . . . Excuse me, [seven] years and [three] months because of the maximum confinement on petition 1 having been a total of [six] months, but it's an additional [two] months to that accumulated on petition 3."

II

A.S. contends, and the Attorney General agrees, the court should have stayed the term for count 3 (public fighting) under section 654. We agree.

"Section 654 prohibits multiple punishment for an indivisible course of conduct even though it violates more than one statute. [Citation.] Whether a course of conduct is indivisible depends on the intent and objective of the actor. [Citations.] 'If all the offenses were incident to one objective, the defendant may be punished for any one of such offenses but not for more than one.' [Citation.] On appeal, the court may stay the effect of the judgment as to the lesser offense so far as the penalty alone is involved. [Citation.]" (*In re Joseph G.* (1995) 32 Cal.App.4th 1735, 1743-1744.)

We conclude A.S.'s attack of A.G. was incident to one objective, to cause injury. His course of conduct led to the court's true findings of three crimes: aggravated assault, battery with serious injury, and public fighting. A.S. is correct that he may not be punished for all three offenses.

There is a maximum term of four years for aggravated assault (§ 245, subd. (a)(1)), and three years for the great bodily injury enhancement (§ 12022.7, subd. (a)). The maximum term for public fighting is 90 days (§ 415), although the court only imposed one month. The court calculated the maximum confinement on petition 3 as seven years (count 1, plus the enhancement) plus one month for public fighting. The court imposed a two month sentence for making harassing telephone calls for a total term

4

of seven years and three months.  If the term for count 3 is stayed, the sentence is reduced by one month, for a total term of seven years and two months.

III

A.S. argues the trial court computed the maximum confinement term, "without specifying that it was, in fact, *electing* to impose consecutive terms[,]" rather than concurrent terms.  A.S. suggests the trial court made the terms consecutive based on the erroneous assumption it was required to do so when aggregating the terms.  He requests the case be remanded to the trial court to exercise its discretion in selecting concurrent or consecutive terms and then recalculate the maximum confinement term.

In light of our ruling the term for count 3 must be stayed, A.S.'s argument relates only to whether the court erred in imposing a consecutive term of two months for the charge in petition 1 (making harassing telephone calls).  A.S. admits he did not object to the consecutive terms at sentencing, and accordingly the Attorney General argues the issue was forfeited.  (*People v. Scott* (1994) 9 Cal.4th 331, 356.)  A.S. replies the issue is still ripe because the court's decision rests on an error of law, an abuse of discretion warranting automatic reversal.

We need not decide the issue of forfeiture, because we find no grounds to disturb the judgment.  A.S. concedes the trial court had discretion to aggregate the term for the crime in petition 1 with the total term in petition 3.  He also recognizes the trial court had the discretion to impose consecutive or concurrent terms.  And finally, A.S. acknowledges the case law holding a statement of reasons is not required when the court imposes consecutive or aggregates multiple counts.  (*In re Julian R.* (2009) 47 Cal.4th 487, 498-499.)  On appeal, based on the statements the trial court made on the record, A.S. questions whether the court erroneously assumed it was compelled to impose consecutive terms under Welfare and Institutions Code section 726, subdivision (d).

We have carefully reviewed the record.  The trial court stated it was imposing a maximum term of confinement for the two petitions without suggesting it was

5

*mandatory* to do so. Having no evidence indicating the court failed to understand the scope of its discretion, we must presume the court properly exercised its discretion when it imposed consecutive terms for the crimes in the two petitions. (Evid. Code, § 664 ["[i]t is presumed that official duty has been regularly performed"]; *People v. Moran* (1970) 1 Cal.3d 755, 762 [in absence of any showing to the contrary, we must presume trial court exercised its discretion].)

IV

We modify the judgment to stay the one-month sentence on count three for public fighting. The clerk of the superior court is directed to amend the abstract of judgment to modify the dispositional order to indicate the maximum term of confinement is fixed at seven years and two months. The clerk of the superior court is ordered to forward a copy of the corrected abstract of judgment to the Department of Corrections and Rehabilitation, Division of Juvenile Facilities. The judgment is affirmed as modified.

O'LEARY, P. J.

WE CONCUR:


BEDSWORTH, J.


MOORE, J.