Filed 1/23/24  P. v. Guzman CA5

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>Plaintiff and Respondent,<br><br>v.<br><br>JOSE LUIS GUZMAN,<br><br>Defendant and Appellant. | F085474<br><br>(Super. Ct. No. F06906503)<br><br>**OPINION** |

-ooOoo-

## THE COURT*

APPEAL from a judgment of the Superior Court of Fresno County.  John F. Vogt, Judge.

Sandra Gillies, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Michael P. Farrell, Assistant Attorney General, Darren K. Indermill and Jeffrey D. Firestone, Deputy Attorneys General, for Plaintiff and Respondent.

-ooOoo-

---

*        Before Franson, Acting P. J., Smith, J. and Snauffer, J.

## INTRODUCTION

In 2008, appellant Jose Luis Guzman was convicted by jury of attempted second degree murder (Pen. Code,[1] §§ 664/187, subd. (a)) and assault with a semiautomatic firearm (§ 245, subd. (b)). In addition, the jury found true enhancements alleging that the offenses were committed for the benefit of, at the direction of, or in association with a criminal street gang (§ 186.22, subd. (b)(1)); that Guzman personally inflicted great bodily injury (GBI) on the victim (§ 12022.7); as well as two firearm enhancements (12022.53, subd. (d), 12022.5, subd. (a)). The trial court sentenced Guzman to an aggregate term of 42 years to life in state prison.

In 2022, Guzman filed a petition for resentencing under section 1172.6. Following the appointment of counsel and the submission of briefs by the parties, the trial court denied Guzman's petition, finding that the petition failed to state a prima facie case for relief.

On appeal, Guzman contends the trial court erred in denying his petition at the prima facie stage. According to Guzman, the trial court relied upon an incomplete record and upon its own recollection of the case in concluding that he is ineligible for resentencing relief. And, because the available record does not conclusively demonstrate that he is ineligible for relief as a matter of law, Guzman contends this matter must be reversed and remanded back to the lower court for further proceedings.

The Attorney General agrees, as do we. We will therefore reverse the trial court's order and remand the matter back to the lower court for further proceedings consistent with section 1172.6, subdivision (c).

---

[1] All further undefined statutory citations are to the Penal Code unless otherwise indicated.

2.

## PROCEDURAL HISTORY

On May 9, 2008, a Fresno County jury found Guzman guilty of attempted second degree murder (§§ 664/187, subd. (a); count 1) and assault with a semiautomatic firearm (§ 245, subd. (b); count 2). As to both counts, the jury found true an enhancement alleging that the offenses were committed for the benefit of, at the direction of, or in association with a criminal street gang (§ 186.22, subd. (b)(1)) and that Guzman personally inflicted GBI on the victim (§ 12022.7, subd. (a)). As to count 1, the jury found enhancements alleging that Guzman had personally and intentionally discharged a firearm, which proximately caused GBI to the victim (§ 12022.53, subd. (d)). As to count 2, the jury found Guzman had personally used a handgun in the commission of the offense (§ 12022.5, subd. (a)).

On June 9, 2008, the trial court sentenced Guzman to an aggregate prison term of 42 years to life. This court affirmed Guzman's conviction on direct appeal. (See *People v. Guzman*, Jan. 27, 2010, F055497 [nonpub. opn.].)

On August 8, 2022, Guzman filed a petition for resentencing under section 1172.6. The People filed an opposition. Guzman filed a reply.

On December 13, 2022, following a hearing to determine whether Guzman had stated a prima facie case for resentencing relief, the trial court denied Guzman's petition.

A timely notice of appeal followed.

## STATEMENT OF FACTS

*The Underlying Conviction*[2]

On August 20, 2006, Guzman, a Chankla Bulldog gang member, shot Daniel Doughty twice after Doughty failed to comply with Guzman's demand for money.

---

[2] We summarize the factual background from our previous opinion in Guzman's direct appeal. (See *People v. Guzman*, *supra*, slip opn.) This factual summary is recited for the limited purpose of providing context to Guzman's criminal conviction. We do not rely on these facts for our analysis of the issues raised on appeal.

Guzman told Doughty, " 'You know, I feel you're disrespecting me," before shooting Doughty. One bullet hit Doughty's left arm and shattered his humerus, while another bullet grazed his ribs. Guzman then shot Doughty five more times in the back.

### *The Trial Court's Ruling on Guzman's Petition for Resentencing*

At the hearing to determine whether Guzman had stated a prima facie case for relief, the trial court stated that it had reviewed pleadings and the case file and had refreshed its recollection of the trial proceedings over which it had presided.

Trial counsel submitted on the written pleadings. The prosecutor relied on his written opposition, and further argued that the crescent-moon shaped pattern of bullets that had entered the back of the victim's shoulder blade and rendered the victim paraplegic, was caused by a firearm that Guzman had fired. According to the prosecutor, these facts, if established by the transcripts from Guzman's trial, would defeat Guzman's prima facie case.

The trial court concluded, "[Guzman] was prosecuted straight up on … attempted first degree murder. And the jury was instructed -- the Court of Appeal said appropriately – with CALCRIM [Nos.] 600 and 601, which required them to make an express determination that the defendant attempted to murder the victim in this case and that he had the requisite intent to kill. They made that finding. They further determined under [CALCRIM No.] 601 that he did not act with deliberation and premeditation. So they acquitted him of [attempted] first degree murder."

The trial court asked if there had been other theories of attempted murder. The prosecutor stated that he did not pull the jury instructions. He represented, however, that the case was not prosecuted under a felony murder theory. The court responded, "It wasn't prosecuted under murder under natural and probable consequences doctrine. And it wasn't the situation where you were prosecuting to … impute intent and malice to [Guzman] through the actions of somebody else. Right?" (*Ibid.*) The prosecutor replied, "Correct. There was only the defendant and the victim at the location where the shots

4.

were fired at the victim." (*Ibid.*) The court commented that aligned with its review of the case when preparing for the hearing. (*Ibid.*)

The trial court denied Guzman's petition, explaining: "The jury was, in fact, instructed on CALCRIM [Nos.] 600 and 601 at the People's request. The jury was instructed on CALCRIM [No.] 505 at [Guzman's] request, which was self-defense. [Guzman] testified in the matter. The jury rejected any theory of that. So clearly the jury found that [he] had the intent to kill. They further deliberated and found that he did not act with deliberation or premeditation and rejected any claims of self-defense. [Guzman] was the actual and sole perpetrator. And the crime he was convicted of was not committed in the commission of some other felony. [¶] So based on the record of the trial, … the prima facie standing falls on the first prong of the requirements because he was not prosecuted under one of these theories." The court further found, "based on the record of conviction, [Guzman] could be and would be convicted of attempted second degree murder under the current law with a finding of actual malice, intent to kill."

In a subsequent discussion, the trial court clarified that it did not have access to the jury instructions that had been given to the jury, but that it had reviewed the parties' requested instructions. The trial court noted that neither party had requested CALCRIM Nos. "402 or 403 or anything in that 400 series."[3] (*Ibid.*) The court remarked, "it was very clear from the jury communications that are still in the file, they were focused on the instructions for attempted murder under 600 and 601 of CALCRIM and that primarily their deliberations focused on issues related to [section] 186.22 allegations. But the record is quite clear that they were instructed on [CALCRIM Nos.] 600 and 601. And it is also quite clear that the defendant testified and there was a request by the [d]efense for the self-defense instruction and it was clearly rejected by the jury." The court reiterated,

_____

[3] CALCRIM Nos. 402 and 403 were the instruction given for the natural and probable consequences doctrine, and CALCRIM No. 400 is the instruction for aiding and abetting.

5.

"on the face of it, the first prong of [section] 1172.6 is not met because [Guzman] was not prosecuted under one of those theories." (*Ibid.*)

Thus, the record shows that the trial court considered the following in denying Guzman's petition: the prosecutor's requested jury instructions; trial counsel's requested jury instructions; two notes from the jury submitted during their deliberations; and the CALCRIM No. 100 series of introductory instructions.[4]

## ANALYSIS

### I. The Trial Court Erred in Summarily Denying Guzman's Petition for Resentencing

Guzman claims that the trial court improperly relied on an incomplete record and its own memory of the case in denying his petition for resentencing. He further contends that the available record does not conclusively demonstrate that he is ineligible for resentencing relief. The Attorney General concedes that the court erred in denying Guzman's petition by relying on its own memory of the case and the minimal record before it. We agree as well.

#### A. Section 1172.6

"Effective January 1, 2019, Senate Bill No. 1437 (2017-2018 Reg. Sess.) amended the felony-murder rule by adding section 189, subdivision (e). [Citation.] It provides that a participant in the qualifying felony is liable for felony murder only if the person: (1) was the actual killer; (2) was not the actual killer but, with the intent to kill, acted as a direct aider and abettor; or (3) was a major participant in the underlying felony and acted with reckless indifference to human life. [Citation.] The Legislature also amended the natural and probable consequences doctrine by adding subdivision (a)(3) to section 188,

---

[4] One of the jury's notes requested, in part, "CALCRIM 600 [Attempted Murder], 601 [Attempted Murder: Deliberation and Premeditation], 875 [Assault With Deadly Weapon or Force Likely to Produce Great Bodily Injury]." The trial court responded, "THESE ARE PART OF YOUR PACKAGE OF INSTRUCTIONS."

which states that '[m]alice shall not be imputed to a person based solely on his or her participation in a crime.' " (*People v. Harden* (2022) 81 Cal.App.5th 45, 50-51; *People v. Strong* (2022) 13 Cal.5th 698, 707-708.)

"Senate Bill 1437 also created a special procedural mechanism for those convicted under the former law to seek retroactive relief under the law as amended," initially codified in former section 1170.95. (*People v. Strong, supra*, 13 Cal.5th at p. 708.) The initial version of former section 1170.95 permitted "a person with an existing conviction for felony murder or murder under the natural and probable consequences doctrine to petition the sentencing court to have the murder conviction vacated and to be resentenced on any remaining counts if he or she could not have been convicted of murder as a result of the other legislative changes implemented by Senate Bill No. 1437." (*People v. Flores* (2020) 44 Cal.App.5th 985, 992.)

Effective January 1, 2022, Senate Bill No. 775 (2020-2021 Reg. Sess.) (Senate Bill 775) made substantive amendments to former section 1170.95 that were consistent with *People v. Lewis* (2021) 11 Cal.5th 952 (*Lewis*), and also " '[c]larifie[d] that persons who were convicted of attempted murder or manslaughter under a theory of felony murder and the natural [and] probable consequences doctrine are permitted the same relief as those persons convicted of murder under the same theories.' " (*People v. Birdsall* (2022) 77 Cal.App.5th 859, 865, fn. 18; *People v. Vizcarra* (2022) 84 Cal.App.5th 377, 388.)

On June 30, 2022, the statute was renumbered as section 1172.6 without further substantive changes. (See *People v. Saibu* (2022) 81 Cal.App.5th 709, 715, fn. 3.) Section 1172.6, subdivision (a) thus states:

> "(a) A person convicted of felony murder or murder under the natural and probable consequences doctrine or other theory under which malice is imputed to a person based solely on that person's participation in a crime, attempted murder under the natural and probable consequences doctrine, or manslaughter may file a petition with the court that sentenced the petitioner to have the petitioner's murder,

7.

attempted murder, or manslaughter conviction vacated and to be resentenced on any remaining counts when all of the following conditions apply:

"(1) A complaint, information, or indictment was filed against the petitioner that allowed the prosecution to proceed under a theory of felony murder, murder under the natural and probable consequences doctrine or other theory under which malice is imputed to a person based solely on that person's participation in a crime, or attempted murder under the natural and probable consequences doctrine.

"(2) The petitioner was convicted of murder, attempted murder, or manslaughter following a trial or accepted a plea offer in lieu of a trial at which the petitioner could have been convicted of murder or attempted murder.

"(3) The petitioner could not presently be convicted of murder or attempted murder because of changes to [s]ection 188 or 189 made effective January 1, 2019." (§ 1172.6, subd. (a).)

The court shall appoint counsel if requested by petitioner. (§ 1172.6, subd. (b)(3).) After service of the petition, the prosecutor shall file and serve a response. The petitioner may file and serve a reply after the response is served. (*Id.* at subd. (c).) "After the parties have had an opportunity to submit briefings, the court shall hold a hearing to determine whether the petitioner has made a prima facie case for relief. If the petitioner makes a prima facie showing that the petitioner is entitled to relief, the court shall issue an order to show cause. If the court declines to make an order to show cause, it shall provide a statement fully setting forth its reasons for doing so." (§ 1172.6, subd. (c).)

The prima facie determination is a question of law, and the trial court may deny a petition if the petitioner is ineligible for resentencing as a matter of law. (*Lewis, supra*, 11 Cal.5th at p. 966.) The prima facie inquiry under section 1172.6, subdivision (c) is "limited." (*Lewis,* at p. 971.) The court " ' "takes petitioner's factual allegations as true and makes a preliminary assessment regarding whether the petitioner would be entitled to relief if his or her factual allegations were proved. If so, the court must issue an order to show cause." ' [Citations.] '[A] court should not reject the petitioner's factual

8.

allegations on credibility grounds without first conducting an evidentiary hearing.' [Citations.] 'However, if the record, including the court's own documents, "contain[s] facts refuting the allegations made in the petition," then "the court is justified in making a credibility determination adverse to the petitioner." ' " (*Ibid.*)

Where the petitioner makes the requisite prima facie showing he or she is entitled to relief under section 1172.6, the court must issue an order to show cause and hold an evidentiary hearing to determine whether to vacate the murder, attempted murder, or manslaughter conviction and resentence the petitioner on any remaining counts. (§ 1172.6, subd. (d)(1).)

We review de novo an order denying a petition under section 1172.6 without issuing an order to show cause. (*People v. Williams* (2022) 86 Cal.App.5th 1244, 1251; *People v. Coley* (2022) 77 Cal.App.5th 539, 545; *People v. Harrison* (2021) 73 Cal.App.5th 429, 437.)

## B. Analysis

In denying Guzman's petition for resentencing, the trial court relied upon (1) the parties' requested instructions, versus the instructions that had been given; (2) the trial court's recollection of the case, refreshed by records within the "court's file"; (3) our prior appellate court opinion following Guzman's direct appeal; and (4) the prosecutor's recollection of the case.

The parties agree that the trial court's order must be reversed based upon these errors. Although we review the correctness of the trial court's ruling and not the reasons for that ruling (see *People v. Zapien* (1993) 4 Cal.4th 929, 976), we address each of the asserted errors below, to avoid potential repetition of these errors.

First, the Attorney General concedes that the parties' requested instructions are an inadequate basis upon which to determine whether Guzman was categorically ineligible for relief. The trial court had an independent duty to fashion appropriate instructions. Consequently, the instructions requested by the parties may not represent the entirety of

9.

the instructions actually given. (See *People v. Booker* (2011) 51 Cal.4th 141, 179 ["even absent a request, a trial court is obligated to instruct the jury on all general principles of law relevant to the issues raised by the evidence"].)

Second, the parties submit that the trial court erred by relying upon its own recollection of the facts of Guzman's case. However, the record is inconclusive on this point.

The trial court's memory of the case is not part of the record of conviction. (See *People v. Mancilla* (2021) 67 Cal.App.5th 854, 867, fn. 4 [reliance on memory is outside the scope of evidence permitted by the statute], superseded by statute on other grounds as stated in *People v. Lee* (2023) 95 Cal.App.5th 1164; *People v. Tarkington* (2020) 49 Cal.App.5th 892, 910-911, fn. 15 ["Memory is fallible, and obviously does not suffice. A court's ruling on the first prima facie eligibility showing must be based on the record in the case."], abrogated on another ground by *Lewis, supra*, 11 Cal.5th at pp. 963-965.) However, while the court cannot rely upon its own memory to determine what the facts of the case were, the court may properly rely upon documents within the record of conviction to refresh its recollection about the case.

Here, the record shows that the trial court referred to the "case file" to refresh its recollection of the proceedings. The documents relied upon in determining whether a petitioner has made a prima facie case for relief (see § 1172.6, subd. (c)) must be documents within the record of conviction. (See *Lewis, supra*, 11 Cal.5th at p. 972 ["the parties can, and should, use the record of conviction to aid the trial court in reliably assessing whether a petitioner has made a prima facie case for relief"].) These documents should also be made part of the record on appeal to facilitate appellate review of the issues. But absent evidence to the contrary, we do not presume that the court relied upon its own memory of the case, versus using documents in the record of conviction to refresh its recollection. (*In re Julian R.* (2009) 47 Cal.4th 487, 499 [discussing general

rule " ' "that a trial court is presumed to have been aware of and followed the applicable law" ' "].)  We therefore reject the parties' claim of error on this point.

Third, the reporter's transcript from the prima facie hearing on Guzman's petition supports the conclusion that the trial court relied upon facts in this court's prior opinion following Guzman's direct appeal.  At the hearing, the trial court observed that Guzman had claimed self-defense at this trial.  Guzman asserts that the only indication showing that he claimed self-defense and the jury was actually instructed on this theory was in this court's prior appellate opinion wherein we observed that trial counsel had requested a jury instruction on self-defense pursuant to CALCRIM No. 505.  Our opinion was appended to the prosecutor's written opposition to Guzman's petition for resentencing.

The trial court may not rely upon facts recited in a prior appellate opinion.  (See *People v. Flores* (2022) 76 Cal.App.5th 974, 988 [explaining, section 1170.95, subd. (d)(3) authorizes " '[t]he court …[to] consider *the procedural history* of the case recited in any prior appellate opinion,' " and concluding that "[i]f such evidence may not be considered at an evidentiary hearing to determine a petitioner's ultimate eligibility for resentencing, we fail to see how such evidence could establish, as a matter of law, a petitioner's ineligibility for resentencing at the prima facie stage"].)

Finally, the prosecutor made factual representations about his theory of the case and the underlying facts.  The Attorney General does not contend that the prosecutor's unchallenged representation that Guzman was the sole perpetrator of the offense was sufficient, along with the record available on appeal, to support the trial court's conclusion that malice could not have been imputed to Guzman.  The full record of conviction should conclusively resolve the question of whether Guzman was potentially convicted upon a theory of imputed malice.  We therefore need not address this issue.

As the Attorney General correctly observes, nothing within the record available to this court, including the enhancements found true by the jury, conclusively demonstrates that Guzman was not convicted upon a theory of imputed malice.  None of the

11.

enhancements found true require an intent to cause injury or an intent to kill. (See *People v. Elder* (2014) 227 Cal.App.4th 411, 424 [§ 12022.7 does not require the defendant intend to inflict GBI]; *People v. Wardell* (2008) 162 Cal.App.4th 1484, 1494 [§ 12022.5, subd. (a) gun enhancement requires only general intent to use a firearm]; *People v. Offley* (2020) 48 Cal.App.5th 588, 598 [§ 12022.53 is "a general intent enhancement, and does not require the prosecution to prove that the defendant harbored a particular mental state as to the victim's injury or death"]; *In re Ferrell* (2023) 14 Cal.5th 593, 604 [because "[s]ection 12022.53, subdivision (d), requires only an intent to discharge a firearm, not subjective awareness of a risk or disregard for life ..., a finding under this section is no proxy for the mental component of implied malice murder"].) We will therefore reverse the trial court's order denying Guzman's petition and remand the matter back to the lower court for further proceedings.

## DISPOSITION

The trial court's December 13, 2022 order denying Guzman's petition for resentencing is reversed. The matter is remanded back to the lower court for further proceedings consistent with section 1172.6, subdivision (c).

12.