Filed 3/20/24  In re B.W. CA1/5

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION FIVE

| | |
|---|---|
| In re B.W., a Person Coming Under the Juvenile Court Law. | |
| THE PEOPLE,<br><br>        Plaintiff and Respondent,<br><br>v.<br><br>B.W.,<br><br>        Defendant and Appellant. | A166309, A167623<br><br>(Solano County<br>Super. Ct. No. J44166) |

Appellant B.W. admitted committing second degree murder and, in September 2022, the juvenile court placed him in a secured youth treatment facility (SYTF).  The court set the maximum term of confinement at the date when appellant, born November 2003, reached the age of 25—six years and two months from disposition.  On appeal, appellant contends the juvenile court failed to recognize it had discretion to set a shorter maximum term.  We remand for the juvenile court to exercise this discretion.

1

BACKGROUND

In July 2021, the Solano County District Attorney filed a juvenile wardship petition (Welf. & Inst. Code, § 602, subd. (a))[1] alleging that appellant committed murder (Pen. Code, § 187, subd. (a)) and attempted murder (Pen. Code, §§ 187, subd. (a), 664), with allegations as to both charges that appellant personally and intentionally discharged a firearm (Pen. Code, § 12022.53).[2]

In February 2022, appellant admitted to second degree murder with the understanding that the attempted murder charge and the firearm enhancement allegations would be dismissed. In September 2022, following a contested dispositional hearing,[3] the juvenile court committed appellant to RISE (Reaching Into Successful Endeavors), Solano County's SYTF. The court set the baseline confinement term at six years and six months (§ 875, subd. (b)) and ordered that appellant's maximum confinement term was until he reached the age of 25 (§ 875, subd. (c)). The court awarded appellant 449 days of precommitment credits but deferred ruling on whether those applied to the baseline or maximum term.[4] Appellant appealed the dispositional order.

---

[1] All undesignated statutory references are to the Welfare and Institutions Code.

[2] The underlying facts of the offenses are not relevant to the issues on appeal. In brief, according to the detention report (which provided the factual basis for the plea), on July 6, 2021, appellant shot at two people with a rifle in the course of a dispute that occurred after a firework exploded near a car in which the victims were seated.

[3] It is unnecessary to summarize the evidence at the dispositional hearing to resolve the issue on appeal.

[4] In October 2022, at the 30-day review hearing (§ 875, subd. (d)), the juvenile court applied appellant's credits to his maximum term of confinement. (See § 875, subd. (c)(1)(C).)

2

In March 2023, at a six-month review hearing, appellant's counsel requested that the baseline term be reduced by six months and the juvenile court reduced the term by four months. (§ 875, subd. (e).) Appellant appealed (case number A167623) and his appellate counsel raised no issue on appeal and asked this court for an independent review of the record to determine whether there are any arguable issues. (*Anders v. California* (1967) 386 U.S. 738; *People v. Wende* (1979) 25 Cal.3d 436.) In August 2023, this court consolidated the two appeals.

At another six-month review hearing in November 2023, the juvenile court reduced appellant's baseline term of confinement to five years.

DISCUSSION

Appellant concedes that the juvenile court's November 2023 order reducing his baseline term of confinement moots the issue raised in his supplemental opening brief: that his case should be remanded for the court to consider reducing the baseline term in light of the matrix set forth in rule 5.806(d) of California Rules of Court, which became effective on July 1, 2023. The November order also moots appellant's *Wende* appeal from the juvenile court's order at the March 2023 six-month review hearing, which also related to the baseline term.[5] The only remaining issue on appeal is whether remand is necessary because the juvenile court did not believe it had discretion in setting appellant's *maximum* confinement term. Specifically, appellant argues the juvenile "court was unaware of its discretion to impose a

---

[5] Even if appellant's appeal from the March 2023 order were not moot, we would conclude there are no legal issues that require further briefing. There is no basis to conclude the juvenile court abused its discretion in reducing the baseline by four months, rather than by six months (as appellant's counsel requested).

3

maximum term of physical confinement for a period of time less than the date at which [he] reaches 25 years of age."

Appellant was entitled to a disposition " 'decision[] made in the exercise of the "informed discretion" of the [juvenile] court. [Citations.] A court which is unaware of the scope of its discretionary powers can no more exercise that "informed discretion" than one whose [disposition] is or may have been based on misinformation regarding a material aspect of a [minor's] record.' " (*People v. Gutierrez* (2014) 58 Cal.4th 1354, 1391.) A minor "who fails to object before the trial court to a sentence on the ground that it is being 'imposed in a procedurally or factually flawed manner' generally forfeits the right to challenge such an error on appeal." (*In re F.M.* (2023) 14 Cal.5th 701, 710.) However, a juvenile court's error in failing to exercise discretion falls within "a narrow class of sentencing issues that are reviewable in the absence of a timely objection." (*People v. Leon* (2016) 243 Cal.App.4th 1003, 1023; see also *People v. Panozo* (2021) 59 Cal.App.5th 825, 840 [exception to forfeiture rule where the lower court had "apparent misapprehension of statutory sentencing obligations"].) As explained below, we conclude the juvenile court's misunderstanding regarding the scope of its discretion "is affirmatively demonstrated by the record." (*Leon*, at p. 1026.)

"[I]n 2020 the Legislature passed 'juvenile justice realignment' through Senate Bill No. 823 (2019-2020 Reg. Sess.) (Stats. 2020, ch. 337). 'Effective July 1, 2021, newly enacted section 736.5 shift[ed] responsibility for convicted youth offenders from [the Division of Juvenile Justice (DJJ)] to the county level.' " (*In re J.B.* (2022) 75 Cal.App.5th 410, 413, fn. 3.) "By closing DJJ and transferring jurisdiction over youth offenders to counties, the stated purpose of juvenile justice realignment [was] '[t]o ensure that justice-involved youth are closer to their families and communities and receive age-

4

appropriate treatment.' " (*In re Miguel C.* (2021) 69 Cal.App.5th 899, 907.) The DJJ officially closed on June 30, 2023. (§ 736.5, subd. (e); see also *In re J.B.*, at p. 413, fn. 3.)

Prior to its closure, when a ward was committed to the DJJ, the juvenile court was required to "set a maximum term based upon the facts and circumstances of the matter or matters that brought or continued the ward under the jurisdiction of the court and as deemed appropriate to achieve rehabilitation." (§ 731, subd. (b).) Section 731 thus "permit[ted] the juvenile court in its discretion to impose either the equivalent of the 'maximum period of imprisonment that could be imposed upon an adult for the offense or offenses' committed by the juvenile (§ 731, subd. (c)) or some lesser period based on the 'facts and circumstances of the matter or matters that brought or continued' the juvenile under the court's jurisdiction." (*In re Julian R.* (2009) 47 Cal.4th 487, 498 (*Julian R.*).)

Section 875 addresses baseline and maximum terms of confinement in SYTFs, such as Solano County's RISE. As enacted, former section 875, subdivision (c), required the court to "set a maximum term of confinement for the ward in a" SYTF, subject to limitations based on the youth's age (not to exceed 23 or 25 years, depending on the offense) and the sentence that could be imposed on an adult convicted of the same offense. (Stats. 2021, ch. 18, § 12.) Effective June 30, 2022—less than three months before the juvenile court's disposition in the present case—section 875, subdivision (c), was amended to mirror the language of section 731, directing the juvenile court to set a maximum term of confinement "based upon the facts and circumstances of the matter or matters that brought or continued the ward under the jurisdiction of the court and as deemed appropriate to achieve rehabilitation." (Stats. 2022, ch. 58, § 41; § 875, subd. (c)(1).) The amended (and current)

5

version of section 875, subdivision (c)(1) retained the same absolute maximum limits based on the youth's age (not to exceed 23 or 25 years, depending on the offense) and the sentence that could be imposed on an adult convicted of the same offense.[6]

In the present case, the juvenile court set the maximum term of confinement at the maximum authorized by law—when appellant turns 25 (six years and two months from the time of disposition). Both parties agree that, under the amended version of section 875, subdivision (c)(1), the juvenile court had discretion to set a shorter maximum term of confinement. But respondent argues that "appellant fails to demonstrate the juvenile court was unaware of this fact."

At the September 2022 disposition, the juvenile court gave no explanation or analysis in declaring the maximum term of confinement, stating simply, "So the 25 years of age is that maximum confinement for a

---

[6] Section 875, subdivision (c)(1) provides in relevant part, "In making its order of commitment, the court shall additionally set a maximum term of confinement for the ward based upon the facts and circumstances of the matter or matters that brought or continued the ward under the jurisdiction of the court and as deemed appropriate to achieve rehabilitation. The maximum term of confinement shall represent the longest term of confinement in a facility that the ward may serve subject to the following:

(A) A ward committed to a secure youth treatment facility under this section shall not be held in secure confinement beyond 23 years of age, or two years from the date of the commitment, whichever occurs later. However, if the ward has been committed to a secure youth treatment facility based on adjudication for an offense or offenses for which the ward, if convicted in adult criminal court, would face an aggregate sentence of seven or more years, the ward shall not be held in secure confinement beyond 25 years of age, or two years from the date of commitment, whichever occurs later.

(B) The maximum term of confinement shall not exceed the middle term of imprisonment that can be imposed upon an adult convicted of the same offense or offenses."

minor." As appellant argues, "nothing in the record indicates the juvenile court was aware at disposition . . . that it had the discretion to set a maximum term of physical confinement for a period of time less than the 6 years, 2 months that will elapse until appellant turns 25 years of age." Instead, the court appeared to believe it was required to set the maximum term of confinement at 25 years of age. And the juvenile court confirmed that misunderstanding at the 30-day review hearing when it stated, "And in [section 875] (c)(1)([A]), it indicates that, if the ward has been committed to a secure youth treatment facility based on adjudication for an offense or offenses for which the ward, if convicted in adult court, would face an aggregate sentence of 7 or more years, the ward shall not be held in secure confinement beyond 25 years of age. *That is where I came up with the 25 years of age* because, if he were an adult, I believe, it's 15 years to life for this." (Italics added.) Given the court's express statement that it based the maximum term of confinement on appellant's age, the present case is distinguishable from *Julian R.*, *supra*, 47 Cal.4th 487, in which the Supreme Court declined to conclude on a "silent" record that a juvenile court was unaware of "its statutory duty to consider that the 'facts and circumstances' might warrant a confinement period shorter than the adult maximum term" under section 731. (*Julian R.*, at pp. 498–499.)

Appellant also emphasizes that the juvenile court finished its comments about the maximum term of confinement at the 30-day review hearing with the statement, "So the max is 25 years, then I must apply that 449 pre-commitment credits to the maximum term of confinement because that is what is set forth in the statute. Let me just say this: I would like to do something different. My husband watched me for several months just going over and over paperwork trying to review and determine what I could do for

7

[appellant]." Appellant argues that is an express declaration by the court that it lacked discretion as to the maximum term of confinement. Although it is not clear whether the court's "would like to do something different" was a reference to the maximum term or the decision whether to apply credits to the maximum or baseline term, we agree the comment is further indication the court believed it lacked discretion with respect to the maximum term— exercising discretion to reduce the maximum term was something else the court "could do for" appellant.[7] Thus, the statement is further grounds to distinguish the present case from a "silent" record case like *Julian R.*, *supra*, 47 Cal.4th 487.

Our conclusion that the record demonstrates the juvenile court was unaware of its discretion is corroborated by the absence in the probation report of a discussion of the facts relevant to a discretionary determination. Notably, the probation report was prepared in anticipation of a March 2022 disposition hearing that was delayed, and the amended version of section 875, subdivision (c), providing the juvenile court discretion to set a shorter maximum term of confinement did not become effective until June 30 (Stats. 2022, ch. 58, § 41). The report contains no analysis of the "facts and circumstances" and simply states among its recommendations that the maximum confinement term is "age 25 years." Similarly, the juvenile court simply declared that confinement term with no analysis.

---

[7] Although the juvenile court's comment "I would like to do something different" is ambiguous on its face, given the context immediately following the court's discussion of the maximum term of confinement statutory requirements, and given the absence of any reference to the underlying crime or a rehabilitative justification for the maximum term imposed, we believe the court's comment does reflect its belief that it lacked discretion to impose a shorter maximum term.

Respondent argues "the record affirmatively shows the juvenile court was aware of its discretion and exercised it accordingly in setting the maximum term of confinement based upon the facts and circumstances of the matter." Respondent relies on portions of the record demonstrating that the juvenile court considered a wide range of evidence and circumstances when it made its disposition in September 2022. In particular, the court acknowledged that defense counsel had asked the court "[i]n his closing argument . . . not to focus just on the sustained charge but upon [appellant], his childhood traumas, familial challenges, his successes, his strengths, his rehabilitative efforts, his empathy, and strides he's made since being placed in a stable environment with appropriate supervision, adequate resources in therapeutic services." The court stated it "ha[d] done just that in reviewing the documents that [were] provided by [defense counsel], as well as [the prosecutor], and the testimony that [was] elicited." The court "note[d] that [appellant] ha[d] made great strides while [in custody], including earning his high school diploma, beginning his college education. And witnesses testified as to his character, leadership, maturity, and willingness to change since being taken into custody. He [was] to be commended for his improvements and his progress." And the court observed that it had to "consider more than the improvements [appellant] ha[d] made while [in custody]. The Court [had to] also consider rehabilitating [sic] needs to address what got [appellant and others involved] here in the first place. . . . So in [its] ruling, [the court] must consider not only the importance of rehabilitating [appellant], but [it] must also consider public safety and the importance of redressing the injuries to the victims."

Although there is no question the juvenile court thoughtfully considered and balanced all of the circumstances and interests in rendering

9

its disposition, the record shows those deliberations were in the context of the court's determination "whether to place [appellant] in a secured youth treatment facility such as DJJ, the Challenge program, or RISE." The court discussed appellant's needs and the services available at the various placements in concluding, "it is evident that [B.W.] has made significant strides, but it's also evident that he had significant emotional trauma during his short lifetime and is in need of individualized mental health treatment to address those traumas in order to reenter the community and able to address the triggers that are caused by lifelong trauma and to be a successful citizen that I know he can be.[¶] He will be committed to RISE." B.W.'s counsel then asked the juvenile court to reduce the baseline term by six months and to apply B.W.'s custody credits to that baseline term. After some back and forth on that issue, the court declared without any analysis, "So the 25 years of age is that maximum confinement for a minor." The court then proceeded to inform appellant of his right to appeal. Thus, we reject respondent's argument that the record shows the juvenile court exercised discretion in designating the maximum term.

Because the record demonstrates the juvenile court was unaware of its discretion to impose a maximum term of confinement for a period of time less than the six years and two months before appellant's 25th birthday, we remand to the court for the informed exercise of its discretion. (*People v. Gutierrez, supra*, 58 Cal.4th at p. 1391.)[8] We express no view on how the court should exercise that discretion.

---

[8] Appellant also requests remand to clarify the juvenile court's reference to a maximum term of confinement of "6.2" years. Because we remand for the court to exercise its discretion as to the maximum term, it is unnecessary to separately direct the court to clarify the "6.2" years comment.

## DISPOSITION

The matter is remanded for the juvenile court's exercise of discretion under section 875, subdivision (c).

                                                    SIMONS, J.

We concur.


JACKSON, P. J.
CHOU, J.


(A166309/A167623)

11