Filed 1/12/26  In re B.L. CA2/8

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION EIGHT

| | |
|---|---|
| In re B.L., a Person Coming Under the Juvenile Court Law. | B348233 |
| _____ | Los Angeles County |
| LOS ANGELES COUNTY DEPARTMENT OF CHILDREN AND FAMILY SERVICES, | Super. Ct. No. 24CCJP03023A |
| Plaintiff and Respondent, | |
| v. | |
| L.L., | |
| Defendant and Appellant. | |

APPEAL from orders of the Superior Court of Los Angeles County, Juan M. Valles, Juvenile Court Referee.  Appeal dismissed.

L.L., in pro. per.; and Jill Smith, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

_____

L.L. (Mother) appeals from the trial court order terminating her parental rights over one-year-old Baby Boy L. (B.L.)  Counsel representing Mother filed a brief identifying no arguable issue for appeal consistent with *In re Phoenix H.* (2009) 47 Cal.4th 835, 843–844 (*Phoenix H.*).  Thereafter, Mother in pro per filed a supplemental brief.

B.L. is Mother's sixth child.  Mother has lost parental rights to her five older children and to a seventh and eighth child born after B.L. either through adoption, sole physical and legal custody given to a father, or outright termination of parental rights by the juvenile court.

On September 22, 2024, the Los Angeles County Department of Children and Family Services (DCFS) received a referral that Mother was giving birth on the street and was taken to the emergency room.  She tested positive for fentanyl and methamphetamine.  On September 24, 2024, DCFS filed a Welfare and Institutions Code[1] section 300 petition for newborn B.L.  The petition alleged B.L. tested positive at birth for methamphetamine and fentanyl and Mother had a history of substance abuse leading to child welfare cases for B.L.'s siblings. The petition alleged B.L. was at risk of serious physical and emotional harm if he remained in Mother's care and custody.  At the detention hearing on September 25, 2024, the juvenile court detained B.L. for out-of-home placement and ordered monitored visitation by Mother at least three times weekly for three hours after contact with DCFS.  The juvenile court found that

---

[1]     Undesignated statutory references are to the Welfare and Institutions Code.

2

continuing B.L. in Mother' care would be contrary to his welfare. Mother was not present at the detention hearing.

B.L. was placed in foster care and later placed with the adoptive parents of one of his younger siblings.

At the adjudication hearing on November 21, 2024, the juvenile court sustained the allegations in the petition. Mother was not present. Neither was Mother present at the disposition hearing on December 19, 2024. Counsel, as a friend of the court, was unsuccessful in attempting to contact her. The juvenile court determined that B.L. would be subject to a substantial risk of danger if he remained with Mother and reasonable efforts had been made to prevent his removal from her. The juvenile court denied reunification services to Mother under section 361.5, subdivision (b)(10).

On February 21, 2025, Mother made her first appearance before the juvenile court, which appointed counsel on her behalf. Mother was advised the permanency planning hearing under section 366.26 was set for April 17, 2025. (It was later continued to August 11, 2025.)

B.L.'s paternal parentage could not be established, so no paternity findings were made by the court. On August 11, 2025, Mother filed a section 388 petition requesting B.L. be returned to her care or reunification services started. Mother advised the court that she had enrolled in a substance abuse and mental health program on June 26, 2025 which also provided housing stability services and employment assistance. A letter from the program dated August 11, 2025, confirmed her "upward progress," active collaboration with her case manager, and strong commitment to improving her stability and overall well-being.

This positive progress report followed Mother's voluntary departure from a substance abuse treatment program on March 22, 2025; hospitalization and positive testing for methamphetamine and marijuana on April 2, 2025; hospitalization on April 8, 2025, for a possible methamphetamine overdose; flight from the hospital upon discharge; and enrollment in a mental health program in May 2025 where she was not drug tested.  On August 12, 2025, the juvenile court denied the 388 petition without an evidentiary hearing, finding Mother's circumstances were changing, but had not changed.

At the permanency planning hearing on August 12, 2025, the court took judicial notice of the case files for B.L.'s siblings. Over Mother's objections, the court terminated Mother's parental rights and ordered adoption as B.L.'s permanent plan.  The juvenile court found clear and convincing evidence that B.L. was adoptable and no exceptions to termination of parental rights applied.  Mother timely appealed.

We appointed counsel on behalf of Mother.  On November 15, 2025, counsel filed a no-issue brief pursuant to *Phoenix H.*, *supra*, 47 Cal.4th at pp. 844–845.)  Counsel stated she had advised Mother in writing that a no-issue brief had been filed on her behalf and that a copy of the brief was mailed to her at the address of record.  Counsel also advised Mother that she had the right to file a brief or letter advising us of any issues she wanted this court to consider and that if she did not file a personal brief within 30 days, the court would dismiss her appeal.

On December 5, 2025, Mother filed a supplemental brief asking us to modify or set aside the juvenile court's orders.  Other than denying that she ever said she did not want to see B.L., Mother supplied no facts or argument in support of her request.

4

This court presumes a trial court judgment is correct.  (*In re Julian R.* (2009) 47 Cal.4th 487, 498–499.)  An appellant bears the burden of establishing error.  Where an appellant does not establish an error, we may dismiss the appeal.  (*In re Sade C.* (1996) 13 Cal.4th 952, 994 (*Sade C.*).)  Unlike in a criminal case, we have no duty to conduct an independent review of the record.  (*Phoenix H.*, *supra*, 47 Cal.4th at pp. 841–843.)

Mother has not presented any arguable issue for review.  We dismiss her appeal.  (*Phoenix H.*, *supra*, 47 Cal.4th at p. 846; *Sade C.*, *supra*, 13 Cal.4th at p. 994.)

## DISPOSITION

The appeal is dismissed.

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

STRATTON, P. J.

We concur:

WILEY, J.

VIRAMONTES, J.

5