Filed 4/9/26  J.E. v. A.C. CA2/7

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SEVEN

| | |
|---|---|
| J.E., | B343796 |
| Appellant, | (Los Angeles County Super. Ct. No. BQ053107) |
| v. | |
| A.C., | |
| Respondent. | |

APPEAL from an order of the Superior Court of Los Angeles County, Anne Kiley, Judge. Affirmed.

J.E., in pro. per., for Appellant.

No appearance for Respondent.

_____

J.E.[1] filed a request for a domestic violence restraining order against his former girlfriend A.C., and the trial court subsequently dismissed the petition without prejudice for lack of prosecution. More than eight years later, J.E. asked the court to "seal or destroy" the case records. The court denied the request, and we affirm.

## FACTUAL AND PROCEDURAL BACKGROUND

In April 2016 J.E. filed a petition for a domestic violence restraining order against his then-ex-girlfriend, A.C., and a temporary restraining order was granted pending the hearing on a permanent restraining order. J.E. did not appear at the hearing, and the court dissolved the temporary restraining order and dismissed the case without prejudice for lack of prosecution.[2]

More than eight years after filing the petition, in November 2024, J.E. filed a motion to "seal or destroy" the record of the restraining order proceeding. He cited the "sensitive nature of this matter and the parties' current relationship" and argued "[p]ublic dissemination of this motion and the underlying records

---

[1] We refer to the protected party by his initials. (See Cal. Rules of Court, rule 8.90(b)(1) [names of "protected persons in domestic violence-prevention proceedings" may be abbreviated to protect their privacy interests].) We also refer to the restrained party by her initials to protect J.E.'s privacy interests.

[2] J.E. contends the trial court never issued a temporary restraining order, but the court's May 3, 2016 minute order dismissing the case states the court dissolved a temporary restraining order. On our own motion, we augment the record to include that minute order. (Cal. Rules of Court, rule 8.155(a)(1)(A).)

2

could cause irreparable harm to the parties' reputations and privacy," as well as "professional challenges[] and emotional distress." J.E. argued the court had authority to seal records under California Rules of Court, rule 2.550(d)[3] and to seal or destroy the records under Code of Civil Procedure section 128, subdivision (a). J.E. asked the court to destroy or seal all records associated with the case, including petitions, filings, the temporary restraining order, and hearing minutes or transcripts.

J.E. supported his motion with a declaration stating he and A.C. had reconciled and were now life partners. He explained he requested the restraining order when the parties "were navigating a complex and emotionally charged dynamic, which led to misunderstandings and impulsive actions on my part." J.E. stated A.C.'s attempts to contact him were "not motivated by malice or harm but rather by her deep affection and immaturity at the time." He stated the continued existence of the records had drawn "unwanted scrutiny" in his personal and professional life and undermined the couple's efforts to "build a positive future together." He concluded, "I deeply regret filing the restraining order petition in 2016 and have since come to understand the situation in its proper context. [A.C.] had no harmful intentions, and my actions were a reaction to misunderstanding and emotional distress. Destroying these records would bring closure and allow us to continue building our lives together."

In January 2025 the court denied the motion. It concluded there was "no basis to seal the pleadings" and "the court ha[d] no authority to destroy the pleadings." At the hearing, the court explained there was "a public policy in the state of California to courts being open," which was "a very strong and important

---

[3]     Citations to rules are to the California Rules of Court.

policy." It described that sealing records requires "a very tailored request" and a "reason to do so" under the Rules of Court, which J.E. had not established. The court stated, "On what you've shown me, there's no basis to seal these records anymore than anybody else's domestic violence prevention act records would be sealed." The court concluded "there's no basis on what you filed to seal these records. I have no authority to do so. . . . There's no basis . . . to destroy court records at all."

J.E. timely appealed.

## DISCUSSION

"Courts in California have long recognized a common law right of access to public documents, including court records." (*In re Marriage of Tamir* (2021) 72 Cal.App.5th 1068, 1078; accord, *Overstock.com, Inc. v. Goldman Sachs Group, Inc.* (2014) 231 Cal.App.4th 471, 483 (*Overstock*).) Under the common law, "court records are presumed to be ' "open to the public unless they are specifically exempted from disclosure by statute or are protected by the court itself due to the necessity of confidentiality." ' " (*Tamir*, at p. 1078; accord, *Overstock*, at p. 483; see *NBC Subsidiary (KNBC-TV), Inc. v. Superior Court* (1999) 20 Cal.4th 1178, 1213-1214 (*NBC Subsidiary*) ["[W]e agree with numerous other courts . . . that history does suggest such a general right of access to civil trials and related proceedings."].)

Rules 2.550 and 2.551, which govern requests to seal court records, "expressly implement the First Amendment principles espoused in *NBC Subsidiary* and establish a presumption that 'court records . . . be open' unless the law requires confidentiality." (*Overstock*, *supra*, 231 Cal.App.4th at p. 486; see rule 2.550(c).) Under rule 2.550(d), a court may order a record

4

filed under seal "only if it expressly finds facts that establish: (1) There exists an overriding interest that overcomes the right of public access to the record; (2) The overriding interest supports sealing the record; (3) A substantial probability exists that the overriding interest will be prejudiced if the record is not sealed; (4) The proposed sealing is narrowly tailored; and (5) No less restrictive means exist to achieve the overriding interest."

We "review the trial court's factual findings for substantial evidence, and 'review de novo questions of law raised by the trial court's order.' " (*Marino v. Rayant* (2025) 110 Cal.App.5th 846, 863; see *In re M.T.* (2024) 106 Cal.App.5th 322, 336.)

J.E. first contends the court had to make "specific findings on the record under rule 2.550(d)(2)-(3)." He cites no authority requiring the court to make explicit findings on the record in support of a decision denying a motion to seal. Rule 2.550 requires a court to make express findings only if it orders records filed under seal. (See rule 2.550(d), (e).)

Second, J.E. asserts the court failed to balance the public's right of access against his confidentiality interests. However, we presume the trial court knew and followed the law unless the record shows otherwise. (*In re Julian R.* (2009) 47 Cal.4th 487, 499; *Estate of Kerkorian* (2018) 19 Cal.App.5th 709, 719–720 [" 'Absent an indication to the contrary, we are required to presume a court was aware of, and followed, the applicable law and considered all the relevant facts and arguments.' "].)

Moreover, the record shows the court applied the correct framework. The court recognized California's "very strong and important" policy favoring open courts and explained that sealing required a "specific reason" sufficient to overcome that policy. (See rule 2.550(d)(1) [a court may order record filed under seal

"only if . . . [t]here exists an overriding interest that overcomes the right of public access to the record"].)  In his motion, J.E. asserted that the records caused "unwarranted scrutiny in both [his] personal and professional life" and hampered his and A.C.'s efforts to "build a positive future together."  But the court properly concluded those generalized concerns did not constitute an overriding interest sufficient to overcome the public right of access, concluding, "On what you've shown me, there's no basis to seal these records anymore than anybody else's domestic violence prevention act records would be sealed."  (See rule 2.550(d); *In re Marriage of Tamir, supra*, 72 Cal.App.5th at p. 1088 [rejecting the request to seal financial records because the parties "do not identify any specific prejudice or privacy concerns regarding disclosure of these materials that would override the right of access" and their "reasoning, if adopted by this court, would essentially mandate the sealing of *all* financial records filed in a court proceeding"].)

J.E. then informed the court he was "a public figure now after . . . doing a documentary" and people were using the restraining order filing against him and A.C. in other courts.  The court responded by noting that a federal public defender had sought access to the case file in connection with another case, and stated, "[I]f there are other cases and a federal public defender is looking into this file, that's a whole other reason why public access to court records is important."  The court appropriately determined that J.E.'s assertion that he had become a public figure did not establish that he had an interest supporting sealing the record that overrode the public right of access.

On appeal J.E. asserts he is facing extraordinary circumstances that distinguish his filing from others because he

"has become a public figure as the documented target of a federal murder-for-hire plot that received widespread media attention," and the court records involving his request for a restraining order have created an "enduring stigma" for him. He asserts the records have "been used to mischaracterize [him] in online searches and background checks, thereby impeding his employment, professional credibility, and personal safety." However, J.E. did not include this information in his motion filed in the trial court or raise these points at the hearing. Therefore, we may not consider these additional alleged facts in determining whether the court properly denied the motion to seal. (See *San Diego Police Dept. v. Geoffrey S.* (2022) 86 Cal.App.5th 550, fn. 6 [" 'In reviewing the trial court's ruling, we must consider the facts before the court at the time of its ruling. . . .' "].)

Third, J.E. argues the court mistakenly believed it lacked authority to seal the records, relying on the court's statement, "I have no authority to destroy court records." However, the court addressed that comment to J.E.'s alternative request to destroy the court records, not to seal them. The court plainly understood it had the authority to order records filed under seal; it just found J.E. had not demonstrated that such an order was appropriate in his case.

Fourth, to the extent J.E. argues the court erred in not granting his request to *destroy* the files, he cites no authority, and we are aware of none, that would permit the court to order family court files be destroyed. Code of Civil Procedure section 128, subdivision (a)(8), on which J.E. relies, gives courts the power to control their proceedings and enforce their orders, but not to order court records destroyed.

Finally, J.E. also asserts the court should have considered "partial or tailored sealing—such as removing the case from online docket systems or restricting access through in-person review." But he did not ask the trial court for that relief, so he has forfeited that argument. (See *Howitson v. Evans Hotels, LLC* (2022) 81 Cal.App.5th 475, 489 ["It is well settled that the failure to raise an issue in the trial court typically forfeits on appeal any claim of error based on that issue."].)

## DISPOSITION

The order is affirmed.

STONE, J.

We concur:

SEGAL, Acting P. J.

GIZA, J.*

---

* Judge of the Los Angeles County Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.